UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALKERMES PHARMA IRELAND LIMITED,

               Petitioner,

- against -

JANSSEN PHARMACEUTICA N.V.,

               Respondent.

**ORDER**

23 Civ. 5542 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Alkermes Pharma Ireland Limited brings this unopposed petition seeking to confirm an arbitration award that it obtained against Janssen Pharmaceutica N.V. pursuant to the Federal Arbitration Act ("FAA"). (Pet. (Dkt. No. 1)) Respondent has filed a Notice of Non-Opposition to the Petition. (Notice of Non-Opposition (Dkt. No. 6))

      For the reasons stated below, the arbitration award will be confirmed.

## BACKGROUND

      According to Petitioner, "[t]he arbitration between Alkermes and Janssen resolved a dispute arising out of two agreements between the parties: a license agreement dated March 31, 1999 ('1999 Agreement'), and a license agreement dated July 31, 2003 ('2003 Agreement' and, together with the 1999 Agreement, the 'Agreements')." (Pet. (Dkt. No. 1) ¶ 8)

      Both Agreements provide that "[a]ny dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement, including disputes relating to an alleged breach or to termination of this Agreement, . . . shall be settled by arbitration." (Hille Decl., Ex. 2 (Dkt. No. 5-2) at 2; id., Ex. 3 (Dkt. No. 5-3) at 2) The Agreements further provide that "[t]he Arbitration shall be conducted in accordance with the

Center For Public Resources Rules For Non-Administered Arbitration of Business Disputes, [and] the arbitration proceeding shall be conducted in New York, New York." (Hille Decl., Ex. 2 (Dkt. No. 5-2) at 3; id., Ex. 3 (Dkt. No. 5-3) at 3)

Petitioner initiated arbitration proceedings on April 19, 2022. (Pet. (Dkt. No. 1) ¶ 9) On December 21, 2022, the arbitrators issued an interim award that required the parties to confer and advise the arbitrators of proposed further proceedings. On January 12, 2023, the parties jointly identified additional issues for resolution by the arbitrators. (Hille Decl., Ex. 1 ("Final Award") (Dkt. No. 5-1) at 3)  The arbitrators next considered further submissions from the parties, and on April 19, 2023, issued a second interim award that required the parties to confer and advise the arbitrators as to the applicable rate of interest and proposed further proceedings. (Id.) On May 5, 2023, the parties jointly advised the arbitrators of the methodology to calculate interest on the pre- and post-Final Award royalties. The parties also notified the arbitrators that there were no further issues to be resolved. (Id. at 3-4)

On May 31, 2023, the arbitrators issued the Final Award, which provides that:

> (a)  Under the 1999 Agreement and under the 2003 Agreement, Janssen may terminate but may not continue to sell Products developed during the term of the Agreement without paying royalties. If Janssen has sold or continues to sell Products, the Agreements require that the royalty obligations undertaken by Janssen explicitly "in consideration of" the rights to make, have made, distribute and/or sell Products must be paid. Articles 6.1 and 6.2 of the 1999 Agreement and Articles 6, 7, 8 and 9 of the 2003 Agreement make the joinder of the License Grant and the Royalty payment obligation clear. Those royalties have and continue to be "accruing" under both Agreements.
>
> (b)  The expiration of the term of the 1999 Agreement is May 26, 2030.
>
> (c)  The issue regarding the duration of Know-How Royalties on INVEGA TRINZA and INVEGA HAFYERA under the 1999 Agreement is ripe for decision by this Tribunal and is resolved as follows:
>
>> (A)  The 1999 Agreement contemplates a separate Know-How Royalty term for SUSTENNA, TRINZA and HAFYERA, each of which are Products.

2

>   (B)  The term for SUSTENNA ends on August 20, 2024.
>
>   (C)  The term for TRINZA ends in the second quarter of 2030 (but no later than May 2030 when the 1999 Agreement expires).
>
>   (D)  The term for HAFYERA ends in May 2030 (when the 1999 Agreement expires).
>
> (d)  The Interim Award does not violate laws against patent misuse and tying.
>
> (e)  Back royalties and interest are due under the 1999 and 2003 Agreements. Pursuant to the Stipulation and Order, dated March 10, 2023 ("March 10, 2023 Order"): (A) Back royalties and interest under the 1999 and 2003 Agreements as of March 15, 2023 are: $192,434,565 for the 1999 Agreement and $1,702,068 for the 2003 Agreement. These amounts are included in this Final Award as back royalties owing to Alkermes as of March 15, 2023. (B) Royalties for CABENUVA (which is also a Product) in the U.S. are owed under this Final Award and run for 15 years from First Commercial Sale until December 31, 2036.
>
> (f)  By agreement of the Parties, the amount due from Janssen to Alkermes for back royalties interest due under the 1999 and 2003 Agreements from and after March 16, 2023, shall be determined by the Parties up through the date that Janssen delivers payment on the back royalties and interest Awarded herein. The Parties have agreed to calculate the additional interest owed in the same manner agreed upon in the March 10, 2023 Stipulation and Order, and invoice and remit the remaining interest payment pursuant to the normal invoicing procedures set forth in the Agreements.

(Final Award (Dkt. No. 5-1) at 4-8 (citations omitted))

Janssen has paid Alkermes $194,136,633 in back royalties and interest, and additional interest for the royalties owed under the Agreements for the first quarter of 2023, as required by paragraphs 8(e) and 8(f) of the Final Award. (Pet. (Dkt. No. 1) ¶ 15)

On June 28, 2023, Petitioner filed the instant Unopposed Petition to Confirm the Final Arbitration Award and Enter Judgment Thereon. (Pet. (Dkt. No. 1)) On June 30, 2023, Respondent filed a "Notice of Non-Opposition" to the Petition. (Notice of Non-Opposition (Dkt. No. 6))

## DISCUSSION

I.   **APPLICABLE LAW**

When reviewing an arbitration award under the FAA, a court "'can confirm and/or vacate the award, either in whole or in part.'" Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)). "[A]rbitral awards and the arbitral process" deserve "strong deference." Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co., Inc., 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

II.   **ANALYSIS**

Here, Petitioner has demonstrated that there is no genuine issue of material fact that precludes confirmation of the award, and Respondent has stated that it "does not oppose" the Petition. (Notice of Non-Opposition (Dkt. No. 6) at 1)

The Final Award issued by the arbitrators was within the powers granted to them under both Agreements, which provide that "[a]ny dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement, including disputes relating to an alleged breach or to termination of this Agreement, . . . shall be settled by arbitration," and that "[t]he Arbitration shall be conducted in accordance with the Center For

Public Resources Rules For Non-Administered Arbitration of Business Disputes." (Hille Decl., Ex. 2 (Dkt. No. 5-2) at 2-3; id., Ex. 3 (Dkt. No. 5-3) at 2-3)

"'[C]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations[] . . . []that the decision rests on factual errors or misinterprets the parties' agreement.'" N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (second and third alterations in original) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)).  Here, of course, Respondent has made no such allegations.

A court "may vacate an arbitration award in four specific situations":

> "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between Gen. Sec. Nat'l Ins. Co. and AequiCap Program Adm'rs, 785 F. Supp. 2d 411, 417 (S.D.N.Y. 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no evidence that the arbitrators' decision was unlawful, arbitrary, or in excess of the arbitrators' powers. Accordingly, the petition to confirm the Final Award will be granted.

## CONCLUSION

For the reasons stated above, the petition to confirm the arbitration award (Dkt. No. 1) is granted. The Clerk of Court is directed to enter judgment, confirming the Final Award (Dkt. No. 5-1). The Clerk of Court is directed to close this case.

Dated: New York, New York
       August 18, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge